[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT
After hearing held on April 10, 1992, at which time the Plaintiff appeared and was heard and the Defendants defaulted in appearance, I make the following findings of fact, conclusions and recommendations.
FACTS FOUND:
1. The Plaintiff is a Connecticut corporation with a principal place of business at Commerce Road, Newtown, Connecticut.
2. The Defendant, VICTOR EANNIELLO, entered into an agreement with the Plaintiff on or about March 8, 1989 whereby he agreed to pay the reasonable value of materials purchased from the Plaintiff.
3. Between March 8, 1989 and March 22, 1989, the Defendant, VICTOR EANNIELLO, made purchases from the Plaintiff totalling $2,424.96 upon which sales taxes in the amount of $181.87 were charged.
4. The Defendant, VICTOR EANNIELLO, is indebted to the Plaintiff as of March 22, 1989 in the principal sum of $2,606.83
5. The Defendant, VICTOR EANNIELLO, transferred property to the Defendant, ROSE ANN EANNIELLO a/k/a BELINDA EANNIELLO on or about June 7, 1989, more particularly described on Schedule A attached hereto and made a part hereof.
6. The transfer from the Defendant, VICTOR EANNIELLO to the Defendant, ROSE ANN EANNIELLO, was made with the intent of avoiding the Plaintiff's debt and hindering the collection.
7. The conveyance deprived VICTOR EANNIELLO sufficient means to satisfy his indebtedness to the Plaintiff.
CONCLUSIONS: CT Page 4612
1. VICTOR EANNIELLO is indebted to Plaintiff in the amount of $2,606.83 as of March 22, 1989.
2. Since an offer of judgment was filed and the amount found to be owing is greater than the offer of judgment, interest should accrue at the rate of 12% per annum on the indebtedness from March 22, 1989. That interest totals $984.90 as of May 12, 1992 and accrues at the rate of $.86 per day.
3. The conveyance from VICTOR EANNIELLO to ROSE ANN EANNIELLO should be set aside as to the claim of the Plaintiff.
RECOMMENDED JUDGMENT:
Judgement should enter in favor of the Plaintiff that it recover the sum of $3,591.73 plus interest at the rate of $.86 per day from May 12, 1992 to the date of judgment from the Defendant, VICTOR EANNIELLO. Further, the conveyance to the
SCHEDULE "A"
PARCEL #1: 15 BRIAR RIDGE ROAD, DANBURY
All that certain piece or parcel of land, together with the buildings and improvements thereon, situate in the City of Danbury, County of Fairfield and State of Connecticut, shown and designated as lot No. 15 on a certain map entitled "EVANS SECTION D, PROPERTY OF DANCON CORPORATION, BRIM RIDGE ROAD, TOWN OF DANBURY, COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, SCALE 1" = 100', which map is certified substantially correct by Arthur H. Howland, is dated April 1965, and is on file in the office of the Town Clerk of said Danbury as Map No. 3709.
Together with the right to pass and repass for all purposes whatsoever over and across all roadways as shown on said map for the purpose of gaining access to the public highway.
Said premises are conveyed subject to the following:
1. A reservation in favor of Dancon Corporation, its successors and assigns, of a fifteen (15) foot easement over and across the front, rear and side boundary lines of said Lot No. 15 for the purpose of installing and maintaining surface water. drainage ditches, trenches or pipes and gas, oil, water and electric pipes, shut-off valves, wires or conduits.
2. A utility easement to the Connecticut Light and Power Company dated July 27, 1965 and recorded in Volume 425, Page 191 of the Danbury Land Records. CT Page 4613
3. A utility easement to the Southern New England Telephone Company dated September 30, 1965 and recorded in Volume 427, Page 440 of the Danbury Land Records.
4. Agreements and restrictions as contained in a certain document entitled "Restrictions of Briar Ridge former Dancon-Evans Property, located at Briar Ridge, Danbury, Connecticut," dated April 8, 1969 and recorded in Volume 427, Page 128 of the Danbury Land Records.
5. Certain covenants and restrictions and easements set forth in Declaration of Restrictions of Briar Ridge Estates, dated June 12, 1969 and recorded in Volume 474, Page 628 of the Danbury Land Records as amended by instrument dated July 30, 1969 and recorded in Volume 476, Page 600 of the Danbury Land Records.
6. Taxes due the City of Danbury on the List of October 1, 1987 which the Grantee assumes and agrees to pay.
Defendant, ROSE ANN EANNIELLO a/k/a BELINDA EANNIELLO should be set aside as to the claim of the Plaintiff.
FRANCIS G. PENNAROLA FACT-FINDER